UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACK DURIE,

      Petitioner,

v.                                                  CASE NO. 6:05-cv-421-Orl-31JGG

STATE OF FLORIDA, et al.,

      Respondents.

## **ORDER**

      This case is before the Court on the amended petition for habeas corpus relief filed by Petitioner pursuant to 28 U.S.C. section 2254 (Doc. No. 12). Upon consideration of the amended petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Respondents filed a response (Doc. No. 31) to the petition for writ of habeas corpus, and Petitioner then filed replies to the response (Doc. Nos. 37, 52, 53, 56).

*Procedural History*

      Petitioner was charged by information with grand theft and medicaid fraud. A jury trial was held, and Petitioner was found guilty as charged in the information; however, the conviction for medicaid fraud was subsequently dismissed based on Double Jeopardy grounds. On January 8, 1999, the trial court adjudicated Petitioner guilty of grand theft and sentenced him to imprisonment for a term of sixty days, to be followed by probation for a term of ten years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed in a written opinion on January 28, 2000. *See Durie v. State*, 751 So. 2d 65 (Fla. 5th DCA 2000). Mandate was issued on

October 26, 2000. Petitioner then filed a petition for review with the Supreme Court of Florida, which was denied on October 23, 2000.

On September 8, 2000, Petitioner filed a Rule 3.850 motion with the state trial court, which was denied on February 9, 2001. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam* on October 9, 2001. Mandate was issued on November 28, 2001.

On May 3, 2002, Petitioner filed a motion to vacate conviction with the state appellate court, which was denied without prejudice on May 10, 2002. Petitioner's motion for rehearing was denied on June 19, 2002.

On October 27, 2003, Petitioner filed a petition for writ of habeas corpus with the state appellate court, which was denied on November 20, 2003. Petitioner filed an untimely motion for rehearing on April 20, 2004, which was denied on May 5, 2004.

On June 4, 2004, Petitioner filed a petition for a writ of habeas corpus/writ of mandamus with the Supreme Court of Florida, which was denied on October 8, 2004. His untimely motion for rehearing was denied on January 25, 2005.

*Petitioner's Habeas Petition is Untimely*

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application

created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the present case, Petitioner's conviction became final when the Supreme Court of Florida denied his petition for review on October 23, 2000. Under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on January 21, 2001, which was ninety days after entry of the Florida Supreme Court's order denying the petition for review. *See* Sup. Ct. R. 13(3).[1] Petitioner then had until January 21, 2002, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's initial federal habeas petition was file-stamped by the Clerk's

---

[1]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

3

office on March 18, 2005.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. Petitioner's Rule 3.850 motion was filed during the pendency of his direct appeal, and those proceedings ended on November 28, 2001, when the appellate court issued mandate with regard to the appeal of the denial. Thus, the one-year period did not begin to run until November 28, 2001. When Petitioner filed his motion to vacate with the state appellate court, on May 3, 2002, 156 days of the one-year period had run. Those proceedings concluded on June 19, 2002, and the one-year period expired 209 days later on January 13, 2003. Consequently, the instant habeas petition was untimely filed.[2]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus filed by Jack Durie is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.  The Clerk of the Court is directed to close this case.

---

[2]The Court notes that all of Petitioner's other postconviction motions were filed after the one year period had expired, and, therefore, did not toll the one year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 13th day of January, 2006.

*/s/ Gregory A. Presnell*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 1/13
Counsel of Record
Jack Durie